GRIFFIN, J.
Petitioner, Arnica Mutual Insurance Company, as subrogee of Mark Johnson, [“Arnica”], seeks certiorari review of a non-final order denying Arnica’s motion for leave of court to file a second amended complaint. Arnica sought to correct an error in its earlier pleadings in which it had named Centex Realty, Inc. as the party defendant responsible for the negligent construction of the residence of its insured instead of the actual builder, Centex Homes, Inc. Arnica alleged that negligent construction of the fireplace in the residence caused a fire, resulting in a loss of approximately $280,000. Arnica paid its insured and sued as subrogee.
The fire occurred on December 17, 2007. Arnica filed suit on July 14, 2011, naming Centex Realty, Inc., among others, as defendants. On August 16, 2011, Centex Realty moved to dismiss the complaint, or, in the alternative, moved for a more definite statement.
In September 2011, Arnica sent Centex Realty discovery requests. Centex Realty requested a stay of discovery pending resolution of the motion to dismiss. Arnica agreed to file an amended complaint that would resolve the problems raised in the motion to dismiss and agreed to stay discovery. The first amended complaint was filed December 9, 2011. The statute of limitations expired on December 17, 2011.
On January 3, 2012, Centex Realty filed an answer, denying that it had built the subject house. Counsel for Arnica contacted opposing counsel on January 4, 2012, and was informed that Centex Homes was the correct defendant, not Centex Realty, but that the statute of limitations on Arni-ca’s claim had expired December 17⅛ 2011. On January 24, 2012, Arnica moved for leave to add Centex Homes, Centex Real Estate Corporation, and Nomas, Corp. as defendants. Arnica asserted that the home was built by Centex Homes, that Centex Homes had merged with Pulte in 2009, and both shared officers, directors, corporate address, and a registered agent. Arnica asserted that Centex Homes, Cen-tex Real Estate Corporation, and Nomas, Corp. shared an identity of interest with Pulte and Centex Realty; therefore, the second amended complaint should relate back to the date of the original complaint.
At the hearing on Arnica’s motion, Cen-tex took the position that, in order for Arnica to be entitled to amend, Arnica would have to establish that it was un *270 aware of who the correct party was, and Arnica could not meet that requirement because Arnica had sent a letter to Centex Homes shortly after the fire in 2007 putting them on notice of Arnica’s claim. The circuit court denied the motion for leave to amend, finding Arnica was aware before the statute of limitations expired that Cen-tex Homes was the correct defendant; that there was no showing that Centex Homes had notice of the lawsuit (as opposed to a “claim”) and Arnica had not proved that there was sufficient identity of interest between Centex Homes and the existing defendants to support application of the relation back doctrine.
Arnica subsequently filed this petition for writ of certiorari seeking an order quashing the circuit court’s denial of Arni-ca’s motion for leave to file a second amended complaint. Arnica contended that the circuit court departed from the essential requirements of law when it denied Arnica an opportunity to conduct discovery and present evidence that the proposed defendants were aware of the suit prior to the expiration of the statute of limitations and that Centex Homes shares an identity of interest with the already named parties.
We deny the petition because the order denying leave to amend does not create irreparable harm irremediable on appeal. If the trial court made a iegal error or relied on an inadequate factual record in denying leave to amend, that error is fully correctable on appeal. The Petition for Writ of Certiorari is denied.
PETITION DENIED.
EVANDER and JACOBUS, JJ., concur.